# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

ROBERT CLARK, )
               Plaintiff, )
   vs. )    1:06-cv-199-RLY-TAB
 )
ARLAN JOHNSON, )
JEANIE JUSTUS, )
 )
           Defendants. )

## Entry Discussing Motion for Summary Judgment

The defendants' motion for summary judgment in this action pursuant to 42 U.S.C. § 1983 is **granted.**

The reason for this disposition is that the defendants have established without contradiction from the plaintiff Robert Clark ("Clark") that he failed to exhaust available administrative remedies before filing this lawsuit. Specifically, the defendants have established that (1) at the time of Clark's confinement at the Delaware County Jail ("Jail") there was a multi-step administrative grievance procedure whereby inmates could seek relief with respect to their treatment and the conditions of their confinement, (2) Clark's claim concerning the conditions of his confinement and his treatment at the Jail was within the scope of issues and concerns which could have been presented through the Jail's grievance procedure, and (3) Clark did not exhaust those available administrative remedies prior to filing this action as to the specified claims. Specifically, Clark did not utilize the Jail grievance process. Although Clark has argued that Jail staff refused to supply him with grievance forms to use that process, he does so without evidentiary support. The document entitled "affidavit" appended to his "tender of evidence" filed on January 11, 2007, has no evidentiary significance because it was not signed under oath, nor was that document even signed period. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e). . . . As such, we can simply ignore them."); *Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir. 1985) ("When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.").

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Clark's action should not have been brought and must now be dismissed without prejudice. *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999) ("[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure . . . . [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.").

"Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995). Therefore, the defendants' motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/26/07

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana